Sargent D. NICHOLS, Individually and as he is Trustee of Andover Northway Realty Trust, et al., Plaintiffs, Appellants,

v.

THE CADLE CO., Defendant, Appellee.

No. 96–1777.

United States Court of Appeals,
First Circuit.

Dec. 19, 1996.

Gilbert R. Hoy, Jr., Chestnut Hill, MA, for appellants.

Alvin S. Nathanson, with whom Shannon M. Fitzpatrick and Nathanson & Goldberg, PC, were on brief, Boston, for appellee.

Before SELYA, Circuit Judge, BOWNES, Senior Circuit Judge, and BOUDIN, Circuit Judge.

PER CURIAM.

This appeal illustrates once again that the overly generous use of Fed.R.Civ.P. 54(b) by a well-intentioned district judge can create a minefield for litigants and appellate courts alike. Though the appeal itself amounts to an exercise in futility, *see infra,* it should serve as a reminder that haste makes waste. There are often untoward consequences when judges too readily acquiesce in the suggested entry of "partial" final judgments.

The basic procedural facts are undisputed. The plaintiffs owned valuable commercial real estate located in Peabody, Massachusetts. After their original lender plummeted into receivership, the defendant Cadle Co. (Cadle) acquired the mortgage on the property from the Federal Deposit Insurance Corporation. Inasmuch as the mortgage note was in arrears, Cadle foreclosed on the property and took possession of it.

The plaintiffs sued, claiming *inter alia* breach of an agreement to forbear (count 1), wrongful interference with economic relationships (count 2), fraud (count 3), and unfair trade practices in violation of Mass. Gen. L. ch. 93A, § 11 (count 5). The plaintiffs also sought specific performance of the supposed forbearance agreement (count 4) and declaratory relief (count 6). All six counts implicated the mortgage note, the foreclosure, and Cadle's conduct in respect thereto. Cadle denied the plaintiffs' allegations, pointed to the relatively low price that the property had brought at auction, and counterclaimed for the deficiency that it thought was due on the mortgage note.

After discovery had been conducted, the district court granted partial summary

judgment in Cadle's favor. This ruling dispatched counts 1, 2, 3, 4, and 6 of the complaint, leaving count 5 and Cadle's counterclaims unaffected. The court thereafter certified the judgment as final under Rule 54(b).[1] Although the court made a rote recitation that there was no just reason to delay the entry of judgment, it failed to substantiate that conclusion. Using the district court's Rule 54(b) certificate as a springboard, the plaintiffs prosecuted this appeal.

■ It is trite, but true, that piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly. *See, e.g., Consolidated Rail Corp. v. Fore River Ry. Co.,* 861 F.2d 322, 325 (1st Cir.1988); *Spiegel v. Trustees of Tufts Coll.,* 843 F.2d 38, 43 (1st Cir.1988); *Santa Maria v. Owens–Ill., Inc.,* 808 F.2d 848, 854 (1st Cir. 1986). We have also admonished that a district court intent upon setting the stage for the fragmentation of appellate review must explain the need for entering an earlier-than-usual judgment—at least in cases where the explanation is not obvious from the record. *See Feinstein v. Resolution Trust Corp.,* 942 F.2d 34, 39 (1st Cir.1991); *Spiegel,* 843 F.2d at 43 & n. 4; *Pahlavi v. Palandjian,* 744 F.2d 902, 905 (1st Cir.1984).

■ In this instance the district court volunteered no meaningful explanation for its determination that a judgment should enter even though a substantial part of the case remained untried,[2] and no good reason for the certification is apparent. The claims adjudicated on summary judgment and certified for appeal are inextricably intertwined with the claims left pending in the district court, and the parties to both sets of claims are precisely the same. As we predicted in *Spiegel,* 843 F.2d at 44, "[i]t will be a rare case where Rule 54(b) can appropriately be applied when the contestants on appeal remain, simultaneously, contestants below." This case falls within the generality of that prediction, not within the long-odds exception to it.[3] Finally, the record reflects no special circumstances or overriding equities that might counsel in favor of permitting an immediate appeal from a plainly interlocutory order.

We need go no further. Since the Rule 54(b) certificate in this case was improvidently granted, we lack appellate jurisdiction. *See Consolidated Rail,* 861 F.2d at 326; *Spiegel,* 843 F.2d at 46.

*The appeal is dismissed without prejudice for want of appellate jurisdiction. All parties shall bear their own costs.*

---

**1.** Ordinarily, a judgment is final (and, thus, appealable under 28 U.S.C. § 1291) only if it conclusively determines all claims of all parties to the action. *See generally Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945) (stating that a final decision generally is one which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment"). Rule 54(b) limns an exception to this principle. It provides in relevant part: "When more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties ... upon an express determination that there is no just reason for delay and upon an express direction for the entry of [such a] judgment...."

**2.** The district court did note in its certificate that all the counts on which it granted summary judgment involved the propriety of the foreclosure. But that tells us very little as the claims that remained likewise involved the propriety of the foreclosure. The court also noted the desirability of discharging the *lis pendens* that the plaintiffs had filed, but gave no reason to suspect that any particular urgency attended this discharge.

**3.** This case offers a testimonial to the wisdom that underlies the *Spiegel* doctrine. After the appeal had been fully briefed, the district court conducted a trial on the remaining claims and counterclaims. Cadle prevailed across the board. Immediately thereafter it moved to dismiss the appeal on grounds of res judicata and collateral estoppel. We do not reach the issues raised in the motion to dismiss, but its content illuminates the Serbonian bog into which appellate courts can be plunged by relaxed application of the rigorous standards that ought to be associated with Rule 54(b) certifications.