**PHILIP MORRIS INCORPORATED; R.J. Reynolds Tobacco Company; Brown & Williamson Tobacco Corporation; and Lorillard Tobacco Company, Plaintiffs,**

v.

**L. Scott HARSHBARGER, Attorney General of the Commonwealth of Massachusetts; and David H. Mulligan, Massachusetts Commissioner of Public Health, Defendants.**

Civil Action No. 96–11599–GAO.

United States District Court,
D. Massachusetts.

March 10, 1997.

Thomas J. Griffin, Jr., Goodwin, Procter & Hoar, Boston, MA, for Philip Morris Inc.

John H. Henn, Foley, Hoag & Eliot, Boston, MA, for R.J. Reynolds Tobacco Co., Brown & Williamson Tobacco Corp., Lorillard Tobacco Co.

Thomas A. Barnico, Rebecca P. McIntyre, Rosalyn Garbose, Atty. General's Office, Boston, MA, for L. Scott Harshbarger, David H. Mulligan.

## MEMORANDUM AND ORDER

O'TOOLE, District Judge.

The plaintiffs, four manufacturers of cigarettes, brought this suit to enjoin the defendants from enforcing Massachusetts' recently enacted tobacco ingredient and nicotine yield reporting law. Mass. Gen. L. ch. 94, § 307B ("Section 307B").[1] In Count I of their complaint, the cigarette manufacturers allege that Section 307B is preempted by the Federal Cigarette Labeling and Advertising Act ("FCLAA"), 15 U.S.C. §§ 1331 *et seq.* ("Count I").[2] The parties filed cross-motions for summary judgment on the preemption issue, agreeing that there were no disputed material facts affecting its resolution. This Court denied the plaintiffs' motion and granted the defendants' concluding that Section 307B is not preempted by the FCLAA. *Philip Morris Inc. v. Harshbarger,* Civ. No. 96–11599–GAO, slip op., 1997 WL 106930 (D.Mass. Feb. 7, 1997).

The plaintiffs now move pursuant to Federal Rule of Civil Procedure 54(b) for the entry of a final judgment under Count I. Entry of final judgment is warranted, they say, because the Court's order leaves nothing further to be adjudicated under Count I and because the preemption claim is separable from the other claims in the case. In addition, the plaintiffs request the Court to certify its summary judgment order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

1. The statute was originally enacted at Mass. Gen. L. ch. 94, § 307A, but has recently been recodified as § 307B.

2. The plaintiffs also claim that Section 307B places an undue burden on interstate and foreign commerce, U.S. Const. art. I, § 8 (Count II); nullifies trade secret protections afforded by other states in violation of the Full Faith and Credit Clause, U.S. Const. art. IV, § 4 (Count III); violates the manufacturers' procedural due process rights, U.S. Const. amend. XIV (Count IV); and would effect a taking of the plaintiffs' property without just compensation in violation of the Fifth Amendment, U.S. Const. amend. V (Count V).

For the following reasons, the Court grants the plaintiffs' motions.[3]

### Rule 54(b)

■ Civil Procedure Rule 54(b) provides that when more than one claim is presented in an action, a district court "may direct the entry of a final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R.Civ.P. 54(b); *see also, Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). The rule requires that the district court find, first, that it is dealing with a "final judgment" and, second, that there is no just reason to delay the appealability of the judgment. *Curtiss–Wright Corp.*, 446 U.S. at 7–8, 100 S.Ct. at 1464–65. As to the latter, the district court must determine, in the exercise of sound judicial discretion, whether the "appropriate time" has come to dispatch the claim to the appellate level. *Id.* at 8, 100 S.Ct. at 1464–65.

It is evident that the decision granting summary judgment on the preemption claim will qualify as a "final judgment." The decision disposes of the preemption issue completely. Events in the further course of the case will not affect that decision.

More debatable is whether there is any just reason for delay in the entry of final judgment. The question turns on considerations of sound judicial administration as well as the impact of one choice or the other on the parties. *Curtiss–Wright*, 446 U.S. at 8, 100 S.Ct. at 1464–65.

In moving for summary judgment on Count I, both sides have recognized that the preemption issue is separable from the other issues in the case. It is a discrete question, the decision of which is not affected by any fact finding that will be the foundation for the disposition of the other claims in the complaint. The parties anticipate that the existence or not of a legitimate "trade secret" interest in ingredient information will affect the legal judgments about the claims set forth in most, if not all, the unadjudicated counts. However, it was not necessary, the parties agree, to resolve any such fact-based issue to answer whether federal law preempts Section 307B. Unlike the remaining issues, the preemption issue was a legal question able to be answered without discovery or proof of a factual predicate beyond the pleadings. In this respect, this case is unlike *Nichols v. The Cadle Co.*, 101 F.3d 1448 (1st Cir.1996), and *Spiegel v. Trustees of Tufts College*, 843 F.2d 38 (1st Cir.1988), where the decided and undecided issues were "inextricably intertwined." *Nichols*, 101 F.3d at 1449; *Spiegel*, 843 F.2d at 45. The parties here extricated the preemption issue from whatever intertwining it may have had with the others and asserted, correctly, that it could be determined entirely without reference to those claims.[4]

Moreover, the nature of the preemption claim is such that it is not likely, indeed it is highly unlikely, that an appellate court would have to decide the issue more than once. *See Curtiss–Wright*, 446 U.S. at 8, 100 S.Ct. at 1464–65. This is not a case where there is a prospect that ensuing events in the progress of the case will alter either the parties' positions or the Court's decision regarding preemption.

In these circumstances, there seems "no just reason for delay" in dispatching the appeal of the distinct preemption issue to the Court of Appeals. Fed.R.Civ.P. 54(b); *see Curtiss–Wright*, 446 U.S. at 8, 100 S.Ct. at 1464–65. It is possible to envision extra "costs" (or conversely "benefits") to judicial administrative interests from a ruling in either direction. On the one hand, if this Court's decision is affirmed after an immediate appeal, there is a good prospect that there will eventually be another appeal after judgment is entered on the other claims, no

---

**3.** The effect of granting both motions is to create a redundant right to appeal. See *Greenwood Trust Co. v. Commonwealth of Mass.*, 971 F.2d 818, 821 n. 2 (1st Cir.1992). In ruling on the separate requests, the Court has treated each without reference to the other or its disposition.

**4.** This is not to say that the parties' views control the Rule 54(b) question. That is not the case. *Spiegel*, 843 F.2d at 43.

matter which side prevails, so that there will be two appellate cases where there might have been only one. On the other hand, if this Court's decision of the preemption issue was in error, it would be wasteful of judicial, as well as party, resources to litigate to completion all the other claims before finding out that the litigation was unnecessary.

An appellate answer in the plaintiffs' favor would end the case. An appellate answer in the other direction would not, but neither would it visit any significant harm on the defendants. There will obviously be some time and effort expended on presenting the case to the Court of Appeals, but because the issue is purely legal and because it has been thoroughly briefed already, that will not be a substantial burden.

Finally, the Court of Appeals has seemed to treat preemption as an issue that is appropriate for early appellate decision, although not specifically under Rule 54(b). *See Palmer v. Liggett Group, Inc.,* 825 F.2d 620 (1st Cir.1987); *Greenwood Trust Co. v. Commonwealth of Mass.,* 971 F.2d 818 (1st Cir.1992).

Accordingly, this Court determines that there is no just reason to delay and directs that the clerk enter final judgment under Count I declaring that Mass. Gen. L. ch. 94, § 307B is not preempted by any provision of the Federal Cigarette Labeling and Advertising Act.

### Certification of an Interlocutory Appeal

Under 28 U.S.C. § 1292(b), a district judge may certify for interlocutory appeal an order, not otherwise appealable, that involves a controlling question of law as to which there is substantial ground for difference of opinion, where an immediate appeal may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b).

"[A] question of law is 'controlling' if reversal of the district court's order would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 24 (2d Cir.1990). That is probably the case here. If the Court of Appeals should conclude that the state statute *is* preempted, this litigation would most likely be terminated. There is some possibility that a finding of less than total preemption would leave something of the case, but even in that event the scope of the case would be so significantly altered that it would still be appropriate to call the question "controlling." *See Arizona v. Ideal Basic Indus. (In re Cement Antitrust Litigation),* 673 F.2d 1020, 1026 (9th Cir.1982) ("[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court."); *Bank of New York v. Hoyt,* 108 F.R.D. 184, 188 (D.R.I.1985) (" '[C]ontrolling' means serious to the conduct of the litigation, either practically or legally .... ") (quoting *Katz v. Carte Blanche Corp.,* 496 F.2d 747, 755 (3d Cir.1974)).

Next, "[t]he requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law." 16 Charles Alan Wright et al., *Federal Practice and Procedure* § 3930 at 432 (2d ed.1996). In this case, the affirmance of this Court's decision will probably not advance the termination of this litigation, but a reversal would.

Third, it can be concluded that there is a "substantial ground for difference of opinion" about an issue when the matter involves "one or more difficult and pivotal questions of law not settled by controlling authority." *McGillicuddy v. Clements,* 746 F.2d 76, 76 n. 1 (1st Cir.1984). Section 307B is a new enactment, and the question of its preemption has not been resolved by any directly controlling legal authority. Nor is there any precedent involving a similar or analogous statute. In these circumstances, it would be going too far to say that there is no substantial ground for any difference of opinion on such a case of first impression. *See Klinghoffer,* 921 F.2d at 25.

Finally, preemption is an issue naturally appropriate for interlocutory appeal, and recently the First Circuit has entertained the issue under that procedure. *Palmer,* 825 F.2d at 620; *Greenwood Trust Co.,* 971 F.2d at 821. So have other circuits. *See Cipollone v. Liggett Group, Inc.,* 789 F.2d 181, 183 (3d Cir.1986), *cert. denied* 479 U.S. 1043, 107 S.Ct. 907, 93 L.Ed.2d 857 (1987).

Accordingly, this Court is of the opinion that the grant of the defendants' motion for summary judgment under Count I, and the corresponding denial of the plaintiffs' motion, involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

It is so ORDERED.