Metropolitan Ins. v. Daigle          CV-96-293-SD 06/12/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


<u>Metropolitan Property & Casualty
 Insurance Company;</u>
<u>Allstate Insurance Company</u>

    v.                              Civil No. 96-293-SD

<u>Richard Daigle;</u>
<u>Irene Palmer;</u>
<u>Donald Palmer;</u>
<u>David Smith</u>


**O R D E R**


    Presently before this court is Metropolitan Property &
Casualty Insurance Company's motion for entry of judgment under
Rule 54(b), Fed. R. Civ. P.


<u>Background</u>

    This ongoing litigation arose out of the allegedly unlawful
harassment of Irene Palmer by her co-workers at the Pheasant Wood
Nursing Home.  Palmer brought suit alleging that the harassment
was unlawful and tortious.  The complaint put forth a number of
state law torts and was mostly directed at David Smith, one of
Palmer's co-workers, for several incidents of harassing conduct
that stretched out over a year's time, including displaying a
compromising, sexually explicit photograph of Palmer.  However,

the complaint also named Richard Daigle, a bailiff from the Jaffrey-Peterborough District Court, who participated with Smith in one of the harassing incidents alleged in Palmer's complaint. Allegedly, Smith and Daigle staged the arrest of Palmer at the nursing home as a "practical joke."

Both Smith and Daigle implored their respective insurance companies, Allstate Insurance Company and Metropolitan, to subsidize a legal defense and provide indemnification against a possible judgment in Palmer's favor. The insurance companies brought a declaratory judgment action seeking declaration that they had no contractual obligation to indemnify or defend Smith and Daigle. Both insurance companies filed motions for summary judgment. Allstate argued that all the conduct charged to Smith, including displaying the sexually explicit photograph of Palmer and staging her arrest, was inherently injurious and thus outside the scope of insurance coverage. Metropolitan made a similar argument. However, since Metropolitan's insured, Daigle, was only charged with the staged arrest, Metropolitan's argument was narrower than Allstate's. Metropolitan sought only to establish that the staged arrest was inherently injurious, while Allstate made such a claim with respect to a broad range of conduct attributed to Smith.

In its order of March 27, 1997, ruling on the summary

2

judgment motions, this court held that the staged arrest of Palmer by Smith and Daigle was inherently injurious conduct and thus was outside the scope of insurance coverage. However, this court held that there were disputed issues of fact as to whether the rest of Smith's harassing conduct occurring before the staged arrest, including the display of the sexually explicit photograph of Palmer, was within the scope of insurance coverage. Since the staged arrest incident was the only conduct charged to Daigle, Metropolitan was awarded full summary judgment that it had no contractual obligations to its insured, Daigle. Summary judgment in Allstate's favor, however, was partial because there remained disputed issues of fact with respect to Allstate's contractual obligations to defend and indemnify Smith for liability to Palmer arising from his harassing conduct that occurred before the staged arrest, even though no such obligation accrued from the staged arrest.

## Discussion

Rule 54(b), Fed. R. Civ. P., permits the entry of judgment on fewer than all the claims in a multi-claim action. Metropolitan seeks judgment under Rule 54(b) on the ground that this court's order granting summary judgment entirely absolves Metropolitan of any legal obligations to its insured, Daigle,

3

arising from the lawsuit brought by Palmer.  The only remaining legal and factual issues in the action concern Allstate's obligations to its insured, David Smith.  Since nothing left in the action pertains to Metropolitan or affects its interests, it seeks to sever itself from the litigation.

The First Circuit has warned that "Rule 54(b) should be used sparingly." Nichols v. Cadle Co., 101 F.3d 1448, 1449 (1st Cir. 1996), to avoid piecemeal appellate review.  The reasons against awarding early entry of judgment are especially strong when "[t]he claims adjudicated on summary judgment . . . [for which entry of judgment is sought] are inextricably entwined with the claims left pending in the district court." Id.; see also Spiegel v. Trustees of Tufts College, 843 F.2d 38, 45 (1st Cir. 1988) ("A similarity of either legal or factual issues (or both) militates strongly against invocation of Rule 54(b).").  In such cases, there must be substantial countervailing considerations of equity justifying early entry of judgment.

Here, the risk of duplicative appellate litigation is clear. If entry of judgment is awarded, Daigle will have the immediate right to appeal the issue whether the staged arrest of Palmer was inherently injurious.  Meanwhile, Smith, who acted in concert with Daigle, will not have the right to appeal this issue until all of the issues between him and his insurance company,

4

Allstate, are resolved with finality. As stated earlier, several issues regarding the rights and duties of Smith and Allstate remain pending before this court.

If Daigle is accorded the immediate right to appeal this issue by the requested entry of judgment under Rule 54(b), the court of appeals may be forced to entertain two separate appeals on the same factual and legal issues--one appeal now brought by Daigle arguing that the court erroneously found the staged arrest inherently injurious, and one appeal later brought by Smith making the same claim. Given the risk of such duplicative appellate litigation, Rule 54(b) will not be lightly granted.

Here, there are no countervailing considerations of equity that justify entry of judgment under Rule 54(b). Typically, the party seeking entry of judgment under Rule 54(b) is the litigant against whom summary judgment is awarded. Such a litigant may seek an immediate right to appeal in order to avoid the temporary and allegedly wrongful imposition of adverse consequences as a result of summary judgment against their interests. However, in this case, Metropolitan, the party seeking entry of judgment under Rule 54(b), has received summary judgment in its favor. No adverse consequences will be visited upon Metropolitan as a result of delay in appealing this court's summary judgment ruling. Metropolitan seeks entry of judgment solely in order to

5

sever all ties with the ongoing litigation.  However, this court's order of summary judgment in Metropolitan's favor already severs all ties in substance.  The severance that Metropolitan seeks is thus purely formal.  Such a formal severance from ongoing litigation does not outweigh the costs of piecemeal appellate litigation because Metropolitan will suffer no prejudice by delayed entry of judgment.

For the foregoing reasons, Metropolitan's motion for entry of judgment under Rule 54(b) is denied.

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

June 12, 1997

cc:   All Counsel