AMERICAN AUTOMOBILE MANUFACTURERS ASSOCIATION, Association of International Automobile Manufacturers, Inc. and Massachusetts State Automobile Dealers Association, Inc., Plaintiffs,

v.

COMMISSIONER, MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION, Defendant.

No. CIV.A. 93–10799–ADM.

United States District Court, D. Massachusetts.

Jan. 22, 1998.

Edward W. Warren, Daniel F. Attridge, Gary E. Archant, Stuart A.C. Drake, Kirkland & Ellis, Washington, DC, Robert F. Sylvia, Hinckley, Allen & Snyder, Boston, MA, for Plaintiffs.

William L. Pardee, Atty. Gen's Office, Boston, MA, for Massachusetts Dept. of Environmental Protection, Daniel S. Grenbaum.

William H. Lewis, Hunter L. Prillman, Morgan, Lewis & Bockius, Washington, DC, Paul F. Ware, Goodwin, Procter & Hoar, Boston, MA, Michael J. Meagher, Burns & Levinson, Boston, MA, Scott L. Robertson, Washington, DC, for American Petroleum Institute.

MAZZONE, District Judge.

This case was remanded for specific findings setting forth the reasons this Court entered judgment on fewer than all claims pursuant to Federal Rule of Civil Procedure 54(b). *American Automobile Manufacturers Association v. Massachusetts Department of Environmental Protection*, 98–1036, slip op. (1st Cir. January 14, 1998).

The Third Amended Complaint in this action challenged regulations adopted by the Defendant Commissioner of the Department of Environmental Protection (the "DEP") re-

lating to zero emission vehicles ("ZEVs") in the period from 1998 to 2000. The regulations, as amended in 1996, required the seven largest automakers to develop and place into service in Massachusetts increasing numbers of ZEVs in model years 1998 through 2000, with the goal of making ZEVs commercially available in 2003. The regulations also required the automakers to file periodic reports to the DEP regarding actual and projected delivery and production of ZEVs.

The Third Amended Complaint contained four claims for relief under the federal Clean Air Act ("CAA"), 42 U.S.C. §§ 7505 *et seq.* Count I alleged that the DEP's regulations violated the "identicality" requirement of section 177, 42 U.S.C. § 7507, and thus were preempted by section 209(a), 42 U.S.C. § 7543(a). Count II alleged that the DEP's regulations lacked a valid preemption waiver and thus were preempted by section 209(a). Count III alleged that the DEP's regulations were preempted by section 249(f)(4), 42 U.S.C. § 7549(f)(4). Lastly, Count IV alleged that the DEP's regulations were impliedly preempted because they stand as an obstacle to the Congressional objectives underlying sections 177 and 209 of the Clean Air Act.

Because the DEP's regulations first apply to the calendar year 1998, the parties desired an efficient and expeditious resolution of the Plaintiffs' ("Automakers") claim that the regulations were invalid. During a status conference before the Court, the parties agreed that they could proceed with summary judgment motions on Counts I and II, the claims that the DEP's regulations were preempted by CAA §§ 177 and 209. They could not agree to proceed with summary judgment on Count III without further factual investigation and potential discovery. The summary judgment motions filed by the parties in fact did not seek any resolution of Count III.

On October 15, 1997, this Court granted the Plaintiffs' Motion for Summary Judgment on Counts I and II, and denied the Defendant's Cross-Motion for Summary Judgment. Subsequently, on October 29, 1997, this Court entered judgment in favor of Plaintiffs as to Counts I, II, and IV of the Third Amended Complaint. Although the implied preemption claim in Count IV was not specifically included in the cross-motions for summary judgment, it involved the same statutory provisions as the express preemption claims in Counts I and II, namely, CAA §§ 177 and 209(a). After this Court determined that the DEP's regulations were preempted expressly by sections 177 and 209(a), the implied preemption claim in Count IV became redundant.

The claim in Count III, alleging that the DEP's regulations are preempted by CAA § 249, remains pending, and the parties have not conducted any discovery on this claim. Section 249 prohibits any non-California state from subjecting vehicle manufacturers "to penalties or sanctions for failing to produce or sell clean-fuel vehicles," a term which is defined to include electric vehicles. 42 U.S.C. §§ 7589(f)(4), 7581. The Automakers allege that electric vehicles are the only vehicles that are anticipated to meet the ZEV emission standard in the foreseeable future, such that § 249 preempts the DEP's ZEV regulations. Third Amended Complaint, pars. 45–48.

Pursuant to Federal Rule of Civil Procedure 54(b), this Court entered judgment as to fewer than all of the claims of the parties after finding that there was "no just reason for delay." Fed.R.Civ.P. 54(b). I failed, however, to make specific findings setting forth the reasons for granting Rule 54(b) certification.

The First Circuit has articulated certain criteria which must be satisfied by a district court before it can certify a final judgment pursuant to Rule 54(b). First, the district court must assess whether the judgment has the "'requisite aspects of finality.'" *Darr v. Muratore,* 8 F.3d 854, 862 (1st Cir. 1993) (quoting *Spiegel v. Trustees of Tufts College,* 843 F.2d 38, 43 (1st Cir.1988)). Second, the district court should consider any interrelationship among the adjudicated and unadjudicated claims "'so as to prevent piecemeal appeals in cases which should be reviewed only as single units.'" *Spiegel,* 843 F.2d at 43 (quoting *Pahlavi v. Palandjian,* 744 F.2d 902, 904 n. 5 (1st Cir.1984)). Third, the district court must make an "assessment of the equities" to determine whether there

is a justifiable reason for delay in entering the judgment. *Darr*, 8 F.3d at 862.

This Court has determined that the three factors for certification of its partial final judgment under Rule 54(b) are satisfied. First, this Court's judgment on Counts I, II, and IV of the Third Amended Complaint is final. A judgment is considered final if it disposes of all the rights and liabilities of at least one party as to at least one individual claim entered in a multiple claims action. *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980); *State Street Bank & Trust Co. v. Brockrim, Inc.*, 87 F.3d 1487, 1489 (1st Cir. 1996). Whether a decision is final is governed by 28 U.S.C. § 1291. *Consolidated Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 325 (1st Cir.1988). Pursuant to § 1291, a decision is considered final if it " 'ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.' " *State Street Bank & Trust Co.*, 87 F.3d at 1490 (quoting *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 114 S.Ct. 1992, 1995, 128 L.Ed.2d 842 (1994)). Counts I, II, and IV all presented cognizable claims for declaratory relief under the Clean Air Act, which were ultimately disposed of in this Court's Memorandum and Order granting Plaintiffs' Motion for Summary Judgment. The time for seeking reargument has expired, thus, the Judgment issued by this Court on October 29, 1997 is final. *See Haverhill Gazette Co. v. Union Leader Corp.*, 333 F.2d 798, 803 (1st Cir.), *cert. denied*, 379 U.S. 931, 85 S.Ct. 329, 13 L.Ed.2d 343 (1964).

Secondly, this Court viewed the interrelatedness of the claims in this litigation and the overall context of the case before deciding to certify the final judgment pursuant to Rule 54(b). This Court determined that the Commissioner's regulations are preempted by CAA §§ 177 and 209. The consequent invalidation of the regulations means there is no need to reach the question of whether the regulations are also preempted by CAA § 249(f)(4). Resolving Count III in favor of the Automakers would provide them with no additional relief beyond that provided by preemption under sections 177 and 209(a). The Court's decision on Counts I, II and IV renders a decision on Count III unnecessary.

In addition, as this district court observed recently, preemption is an issue that is appropriate for early appellate decision, and may provide grounds for entry of final judgment on particular claims under Rule 54(b). *Philip Morris Incorporated v. Harshbarger*, 957 F.Supp. 327, 330 (D.Mass.1997). The First Circuit appears to have recognized this in the context of interlocutory appeals. *See Greenwood Trust Co. v. Commonwealth of Mass.*, 971 F.2d 818, 821 (1st Cir.1992), *Palmer v. Liggett Group, Inc.*, 825 F.2d 620, 622 (1st Cir.1987). If the First Circuit affirms this court's decision that sections 177 and 209 preempt the DEP's regulations, there will be little reason for the Automakers to pursue the pending claim of preemption under CAA § 249.[1]

Third, after considering all the equities, this Court finds that there is "no just reason for delay." Fed.R.Civ.P. 54(b). Importantly, immediate appellate review of the decision would not be duplicative or wasteful of judicial resources, nor is there a concern that this Court and the Court of Appeals would be simultaneously considering different legal grounds upon which the Automakers could prevail in their request for relief. If this Court's judgment is sustained on appeal, no further proceedings with respect to Count III will be required and the litigation would be terminated.

Furthermore, because the claim set forth in Count III involves separate issues of law and fact than the Counts that have been litigated, it may require further factual investigation and discovery. The parties to this action, however, needed a prompt and final resolution of the validity of the Commissioner's regulations. The subject matter of this case is particularly time-sensitive. The Commissioner's regulations place the Automakers on a schedule to meet production and delivery goals for zero emission vehicles from 1998 through 2000. Relief

---

1. The Plaintiffs have indicated that they will not pursue Court III while the Court of Appeals is reviewing this Court's decision, and will move to voluntarily dismiss Count III if this Court's judgment is affirmed.

from this schedule saves the Automakers considerable work and expense; but eliminating or delaying the schedule defeats or hinders important environmental objectives of the DEP. Accordingly, this Court's decision must be given immediate effect in order to provide the Automakers with the complete relief to which they are entitled. On the other hand, unless the DEP has the opportunity for immediate appeal, it may be deprived of a full and complete appellate remedy because of the impact any postponement will have on the production and delivery of ZEVs. Therefore, it is in the interests of all parties to achieve a final resolution of this matter as expeditiously as possible.

For these reasons, this Court finds there is no just reason for delay for the entry of judgment on Counts I, II and IV of the Third Amended Complaint pursuant to Rule 54(b).