Joseph FIGUERAS, et al., Plaintiffs

v.

AUTORIDAD DE ENERGIA
ELECTRICA, et al.,
Defendants.

Civil No. 07–1286 (FAB).

United States District Court,
D. Puerto Rico.

Aug. 16, 2007.

Rosa M. Nogueras, Nogueras De Gonzalez Law Office, San Juan, PR, for Plaintiffs.

Marie L. Cortes–Cortes, Ricardo X. Carlo–Marrero, Llovet Zurinaga & Lopez, PSC, Hato Rey, PR, Claudia Latimer–Bengoa, Ana M. Margarida–Julia, Department of Justice, San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER

FRANCISCO A. BESOSA, District Judge.

Plaintiffs Joseph Figueras, Ivonne Ramirez, Roberto Otero, Cynthia Castro, Luinel Torres, Carmen A. Rodriguez, and their conjugal partnerships, brought suit against the Puerto Rico Electric Power Authority ("PREPA"), Edwin Rivera–Serrano, Edgardo Santiago–Orama, Samuel Matos–Arroyo, Julio M. Colon–Rivera, Axel Carvajal–Asencio, Jose Hernandez–Colon, Luis Colon–Garcia, Roberto N. Nazario Pagan, the Members of the AEE's Board of Governors, Julio C. Renta–Pujols, Roberto Vega–Padua and Yolanda Zambrana. (Docket No. 18)

On June 26, 2007, defendant Roberto N. Nazario Pagan, in his personal capacity, moved to dismiss plaintiffs' claims against him for lack of personal jurisdiction, alleging that he has not been personally served with the summons and complaint in this case (Docket No. 25). On July 1, 2007 plaintiffs opposed defendant's request (Docket No. 34). For the reasons discussed below, the Court **GRANTS** defendant's Motion to Quash Service Pursuant to Federal Rule 4(e).

## PROCEDURAL BACKGROUND

After the complaint was filed in this case on April 4, 2007, the summons addressed to the appearing defendant was served on May 22, 2007, upon Rosa Ramos, Mr. Nazario Pagan's secretary. (Docket No. 14, p. 13)

On June 26, 2007, defendant Nazario Pagan filed a "Motion to Quash Service Pursuant to Federal Rule 4(e) (Docket No. 25). In essence, Nazario Pagan argues that that Ms. Rosa Ramos was not an agent authorized by appointment or by law to receive service of process on his behalf in his **personal capacity.** Therefore, plaintiffs' claim against him in his personal capacity shall be dismissed.

Rule 4(e) of the Fed.R.Civ.P. provides in pertinent part:

Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, ... may be effected in any judicial district of the United States:

(1) pursuant to the law of the state in which the district court is located, ...; or

(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house of usual place of abode with some person of suitable age and discretion them residing therein or by delivering copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process

Pursuant to Rule 4(m) of the Fed.R.Civ. P., if the service is not made upon defendant within 120 days after the filing of the complaint, the court shall dismiss the action without prejudice as to that defendant.

It is well established that individuals may not be served by merely leaving the complaint and summons at their place of business, unless an agent receives the documents, as provided by Rule 4(e)(2). *Babb v. Bridgestone/Firestone* 861 F.Supp. 50, 51 (M.D.Tenn.1993). *See also,* 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1096 (2d Ed. 1986) ("... service if the summons at the defendant's place of employment or business will not qualify under Rule 4(e)(2)").

In this case, Plaintiffs attempted to serve defendant on May 22, 2007. In the summons now at issue, Nazario Pagan was **only named** as the "Chief of the Central Conservation in the South Coast of Guayanilla at the PREPA". Copies of the summons and complaint were left with Ms. Rosa Ramos, who was PREPA's Secretary of Mechanized Legal Systems when the service was made. Ms. Ramos had been authorized to accept service of complaints upon Mr. Nazario Pagan in his official capacity. She was not, however, authorized to receive service on behalf of Nazario Pagan personally; certainly the office at which the papers were left was not defendant's dwelling house or usual place of abode as required by Fed.R.Civ.P. 4(e)(2).

Plaintiffs argue that Ms. Ramos informed their process server, Bernardina Benitez Maldonado, that she could received defendant's summonses "in his name or representation". (Docket No. 32) In addition, plaintiffs contend that, because Mr. Nazario Pagan "accepted having been summoned in the present case" (in his official capacity), he has submitted himself to the jurisdiction of this Court for all purposes. Rule 4, however, clearly distinguishes between service on an individual in his individual capacity and in his official capacity.

Furthermore, plaintiffs seem to ignore that the difference between individual capacity claims and official capacity claims under 42 U.S.C. sec. 1983 involves more

than mere "form". For instance, the applicable legal standards are different, the available remedies are different, the available defenses are different, and there is a significant practical difference as to whether the individual person or the governmental entity is legally responsible for paying an adverse judgment, fees, and costs. *See Kentucky v. Graham*, 473 U.S. 159, 165–67, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (explaining principal differences between official capacity and individual capacity suits).

In addition, "it is a plaintiff's responsibility to establish personal jurisdiction, and the plaintiff must ensure that service is properly effectuated by remedying any known defect in service." *See Reuber v. United States*, 750 F.2d 1039, 1049 (D.C.Cir.1984), *abrogated on other grounds* by *Kauffman v. Anglo–American School of Sofia*, 28 F.3d 1223 (D.C.Cir. 1994); *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir.1987).

To date, plaintiffs have not demonstrated that defendant Nazario Pagan has been served in his individual capacity as required by Rule 4(e). Accordingly, plaintiffs' claims against defendant Nazario Pagan in his individual capacity are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**