Jose **MOLINELLI–FREYTES,**
et al, Plaintiffs,

v.

**UNIVERSITY OF PUERTO RICO,**
et al, Defendants.

**Civil No.: 09–1655 (DRD).**

United States District Court,
D. Puerto Rico.

July 27, 2010.

Christina M. Beauchamp–Richards, Guaynabo, PR, Tamara Sosa–Pascual, Pascual, Moran & Associates, San Juan, PR, for Plaintiffs.

Jorge E. Perez–Diaz, Jason R. Aguilo–Suro, Maria Dolores Trelles–Hernandez, Pietrantoni Mendez & Alvarez, Vanessa D. Bonano–Rodriguez, Christian E. Pagan–Cordoliani, Puerto Rico Department of Justice, San Juan, PR, for Defendants.

## OMNIBUS OPINION AND ORDER

DANIEL R. DOMINGUEZ, District Judge.

### I. PROCEDURAL HISTORY

The instant case is a copyright infringement action brought under the Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.*, and a due process claim brought under 42 U.S.C. § 1983, as well as claims arising under the law of Puerto Rico which are attached to the instant case via the exercise of the Court's supplemental jurisdiction. Plaintiffs allege that they created an original manuscript ("the Proposal") during non-working hours while employed as professors at Defendant University of Puerto Rico ("UPR").

Plaintiffs assert that UPR has used the Proposal improperly in order to create a new graduate program based upon the contents of the Proposal in violation of the Copyright Act and Plaintiffs' right to due process. Further, Plaintiffs allege that Defendant Puerto Rico Council on Higher Education ("PRCHE") authorized the creation and implementation of this program in violation of the Copyright Act and Plaintiffs' right to procedural due process. Plaintiffs include officials of both PRCHE and UPR in their official capacities in their claims. Plaintiffs also allege that moral rights violations and an unjust enrichment claim arise from the complained-of behavior. Plaintiffs request both monetary damages and injunctive relief in the instant action.

The Court has already dismissed Plaintiffs' claims with prejudice against UPR and PRCHE based upon Eleventh Amendment Immunity, as well as claims against the UPR and PRCHE officials named in their official capacities as to money damages(Docket No. 151). The Court also dismissed without prejudice the claims against the UPR officials based upon their request for qualified immunity (Docket No. 151).[1]

---

1. Defendant Carlos H. Del Rio was not served with process until March 12, 2010, one day after the *Opinion and Order* granting UPR officials' motion to dismiss based upon quali-

Currently pending before the Court are two motions to dismiss. The first motion is entitled *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5)* (Docket No. 185). This motion is filed by PRCHE Defendants Jose Aparicio Maldonado, Madeline Quilinchini Paz, Maximo Cerame–Vivas, Mercedez Gomez–Marrero, Odette Pineiro–Caballero and David Baez–Davila (hereinafter "PRCHE Defendants"). Therein, PRCHE Defendants request that the Court dismiss Plaintiffs' claims against them in their personal capacities for failure to properly serve them under Rule 4 of the Federal Rules of Civil Procedure and Rule 4.4 of the Puerto Rico Rules of Civil Procedure. Specifically, PRCHE Defendants assert that they were not properly served with process in their **personal capacities** as process was served on the secretary of PRCHE, rather than on each individual PRCHE Defendant in the manner prescribed by the Rules. This motion is supported by the declaration under penalty of perjury of the secretary upon whom summons were served. To date, this motion remains unopposed.

The second motion which is currently pending is a renewed motion to dismiss Plaintiffs' claims under 42 U.S.C. § 1983 (Docket No. 186), filed on April 12, 2010. The Court had previously denied Defendants' motion to dismiss the § 1983 claims based upon an argument that such claims are preempted by the Copyright Act, stating that Defendants failed to fully develop this argument, which involves an issue which is novel in this Circuit. Thus, in the current motion, Defendants present the Court with a more thorough argument for why the Copyright Act preempts § 1983 claims. Specifically, Defendants argue that the existence of a private judicial remedy in the Copyright Act weighs in favor of preemption and that, if the Court allowed Plaintiffs to bring a § 1983 claim, it would allow Plaintiffs to bypass the Copyright Act's registration requirement and pursue punitive damages, which are not allowed under the Act. This motion also remains unopposed.

## II. 12(b)(5) MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

■ Federal Rule of Civil Procedure 4(m) provides that service of process must be made "within 120 days after the complaint is filed." Fed.R.Civ.P. 4(m). Service may be made upon the individual being sued, by leaving a copy of the summons and complaint at the individual's "usual place of abode with someone of suitable age and discretion who resides there," by delivering a copy to the individual's agent or in accordance with the laws of Puerto Rico. Fed.R.Civ.P. 4(e). It is well established that, in Puerto Rico, "individuals may not be served by merely leaving the complaint and summons at their place of business, unless an agent receives the documents." *Figueras v. Autoridad de Energia Electrica,* 553 F.Supp.2d 43, 44 (D.P.R.2007). Failure to properly serve process within Rule 4(m)'s deadline may result in dismissal of the action without prejudice unless the plaintiff shows good cause for this failure. *Id.*

fied immunity and Eleventh Amendment sovereign immunity was entered. Thus, he was not a party to the original motion to dismiss. Accordingly, he now requests that the Court apply its decision to him as well as his UPR brethren (Docket No. 184). As Defendant Del Rio is situated in an identical manner as the other UPR officials against whom Plaintiffs'

claims have been dismissed, and as Plaintiffs have not opposed this motion, the Court hereby **GRANTS** the motion to dismiss. Thus, all claims against Defendant Carlos H. Del Rio in his personal capacity are hereby **DISMISSED WITHOUT PREJUDICE** and all claims against him for monetary damages are **DISMISSED WITH PREJUDICE.**

■ The vehicle through which a defendant moves for dismissal for failure to comply with Rule 4(m) is Rule 12(b)(5), which provides for the dismissal of claims due to insufficient service of process. *See* FED.R.CIV.P. 12(b)(5). Thus, under Rule 12(b)(5), a defendant "is essentially contesting the manner in which process of service was performed." *Ramirez De Arellano v. Colloides Naturels Int'l*, 236 F.R.D. 83, 85 (D.P.R.2006). Accordingly, the party moving for dismissal bears the burden of showing that the plaintiff "failed to satisfy the requirements" of service. *Id.* Dismissal for failure to meet the service requirements of 4(m) is disfavored, however, where "there is a reasonably conceivable means through which service may be obtained." *Id.* at n. 4. Thus, where service may be properly effected, the Court will quash the ineffective service and order plaintiffs to properly serve the moving parties. *See id.* at 85.

■ Here, it is undisputed that service of process as to PRCHE Defendants named in their **personal capacities** was made upon the secretary of the PRCHE, rather than upon the individual Defendants, at their places of abode or upon authorized agents. Thus, service of process upon PRCHE Defendants was improper. However, as the Court sees no reason why service can not be properly effected upon PRCHE Defendants in accordance with Rule 4(e), the Court shall not dismiss the claims against these Defendants for improper service of process, as such an outcome is greatly disfavored.

Thus, the Court hereby **DENIES** Defendants' motion to dismiss under Rule 12(b)(5)(Docket No. 185). Rather, the Court hereby **QUASHES** service against PRCHE Defendants. Plaintiffs are ordered to serve process upon Jose Aparicio Maldonado, Madeline Quilinchini Paz, Maximo Cerame–Vivas, Mercedez Gomez–Marrero, Odette Pineiro–Caballero and David Baez–Davila within **THIRTY (30) DAYS** of entry of the instant *Opinion and Order.* Plaintiffs are warned, however, that further failure to comply with Rule 4 may result in the dismissal without prejudice of their claims against PRCHE Defendants.[2]

### III. PREEMPTION OF § 1983 CLAIMS BY COPYRIGHT ACT

In the second pending motion to dismiss, UPR Defendants argue that Plaintiffs' claims under 42 U.S.C. § 1983 are preempted by the Copyright Act and, accordingly, should be dismissed. To date, no court in the First Circuit has addressed whether § 1983 claims are preempted by the Copyright Act. As noted by the UPR Defendants, however, a District Court in another Circuit has addressed this issue and found that the Copyright Act indeed preempts § 1983 claims. *See Dodd v. Ft. Smith Special School Dist.*, 666 F.Supp. 1278, 1283 (W.D.Ark.1987).

In relevant part, 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or

---

**2.** Plaintiffs are forewarned, however, that, pursuant to *Twombly* and *Iqbal,* as well as First Circuit jurisprudence, they must allege facts which render claims against each PRCHE Defendant plausible, rather than merely conceivable. *See Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 173

L.Ed.2d 868 (2009); *see also Remexcel Managerial Consultants, Inc. v. Arlequin,* 583 F.3d 45, 53 (1st Cir.2009)(discussing the application of *Twombly's* plausibility standard). Thus, Plaintiffs in the instant case must allege facts which show that each PRCHE Defendant either actively or passively acted in a manner that gave rise to the causes of action engendered in the instant case.

usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the united States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Thus, § 1983 does not create independent substantive rights, but, rather, supplies a vehicle by which a plaintiff may sue government actors acting under color of state authority who have deprived him or her of a constitutional or statutory right. *Cruz–Erazo v. Rivera–Montanez*, 212 F.3d 617, 621 (1st Cir. 2000). Therefore, in order to state a claim under 42 U.S.C. § 1983, "a plaintiff must allege (1) the violation of a right protected by the Constitution or laws of the United States and (2) that the perpetrator of the violation was acting under color of law." *Id.*

Certain federal statutes, however, will preempt § 1983 claims. *See Fitzgerald v. Barnstable School Committee*, 555 U.S. 246, 129 S.Ct. 788, 792, 172 L.Ed.2d 582 (2009); *see also Middlesex Cty. Sewerage Auth. v. Nat'l Sea Clammers Assn.*, 453 U.S. 1, 20, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981). The touchstone of the preemption inquiry is whether Congress intended to preempt § 1983 claims when it enacted the statute at issue. *Fitzgerald*, 129 S.Ct. at 792. Where the § 1983 claim is brought to enforce a statutory right, "evidence of such congressional intent may be found directly in the statute creating the right, or inferred from the statute's creation of a comprehensive enforcement scheme." *Id.* at 794. Further, "[i]n cases in which the § 1983 claim alleges a constitutional violation, lack of congressional intent may be inferred from a comparison of the rights and protections of the statute and those existing under the Constitution." *Id.*

■ Irrespective of whether the right which a plaintiff seeks to be protected arises under the Constitution or from a statute, the Court's primary focal point in determining whether § 1983 is preempted must be "the nature and extent of th[e] statute's remedial scheme." *Id.* Where Congress truly "intended a statute's remedial scheme to be the exclusive avenue through which a plaintiff may assert his claim," then the Court should find that the statute preempts claims under 42 U.S.C. § 1983. *Id.*

■ In their *Amended Complaint* (Docket No. 76), Plaintiffs base their § 1983 claim on both statutory and Constitutional rights, namely the due process clause of the 14th Amendment and the Copyright Act. Thus, the Court may consult both the text of the Copyright Act itself and a comparison of the rights protected by the statute and by the 14th Amendment to determine whether § 1983 claims are preempted by the Copyright Act.

As a preliminary matter, the Court notes that Plaintiffs failed to specify whether Defendants allegedly violated their substantive or procedural due process rights which arise under the 14th Amendment. Due to the state of extreme disfavor in which substantive due process claims currently exist, the Court has previously treated Plaintiffs' claims as procedural due process claims. However, acting out of an abundance of caution, the Court shall begin its analysis by comparing the rights created by the Copyright Act with those protected under the ambits of both substantive and procedural due process.

The test for a substantive due process violation is whether governmental power has been used for "purposes of oppres-

sion," in a manner that "shocks the conscience" or in a "legally irrational" manner. *Torromeo v. Town of Fremont*, 438 F.3d 113, 118 (1st Cir.2006) (quoting *SFW Arecibo Ltd. v. Rodriguez*, 415 F.3d 135, 141 (1st Cir.2005)). Thus, only governmental conduct which is "truly horrendous" meets the "threshold for establishing the requisite abuse of government power." *Id.* That a deprivation itself shocks the conscience is insufficient; "[i]t is the *effect* on the person from the deprivation of the interest" in property which must shock the conscience. *Maldonado v. Fontanes*, 568 F.3d 263, 272–73 (1st Cir. 2009).

Procedural due process has two steps: first, the Court asks whether a property interest exists with which the state has interfered; then, the Court asks whether "the procedures attendant upon that deprivation were constitutionally sufficient." *Rodi v. Ventetuolo*, 941 F.2d 22, 24 (1st Cir.1991) (quoting *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 109 S.Ct. 1904, 1908, 104 L.Ed.2d 506 (1989)). Thus, procedural due process seeks to ensure that a person deprived of property by the state is guaranteed constitutionally sound process related to the deprivation of the property. *See id.*

The Copyright Act, on the other hand, is intended to be a "uniform body of law for the protection and enforcement of intellectual property." *Alvarez Guedes v. Marcano Martinez*, 131 F.Supp.2d 272, 280 (D.P.R.2001). It seeks to achieve this goal by mandating that "[a] copyright holder has the exclusive rights of reproduction, preparation of derivative works, distribution, performance and display" and that "[a]ny act that is inconsistent with a copyright holder's exclusive rights constitutes infringement." *Id.* at 276 (citing 17 U.S.C. §§ 106 & 501(a)).

The persons whose rights are protected by the Copyright Act, therefore, are a select group who hold copyrights to intellectual property. This group is considerably more narrow than the general category of property owners protected by the Fourteenth Amendment.

 Additionally, copyright holders are not merely guaranteed that they will not be deprived of property in an outrageous manner. Rather, they hold exclusive rights over the copyrighted material and are assured that any violation of these exclusive rights will be actionable,[3] regardless of the procedure afforded to them before, during or after the deprivation.

Thus, the Copyright Act gives copyright holders, who represent a small sub-group of property owners, property rights, such as the exclusive right of reproduction, which are much greater than those contemplated by the 14th Amendment. The 14th Amendment only guarantees that property owners will not be subjected to the outrageous taking of their property or the taking of their property without constitutionally sound extra. Conversely, the Copyright Act jealously guards all the rights associated with intellectual property covered by a copyright, rendering any act which poaches these rights from the copy-

---

**3.** The Court notes that, as in the instant case, a state's qualified immunity may act to bar some of a plaintiff's petitions for relief under the Copyright Act where the infringer is the state. However, this is not to say that a copyright plaintiff is entirely without recourse in prosecuting his or her claim for copyright infringement against the state. Even a copy- right violation perpetrated by a state is actionable under the Copyright Act as a plaintiff may sue the state for prospective injunctive relief and may sue the responsible state officials in their personal capacities for money damages. *See Lane v. First Nat. Bank of Boston*, 871 F.2d 166, 174 (1st Cir.1989).

right holder an actionable act of infringement.

In sum, the Copyright Act institutes a regime of heightened protection for a specialized group of property rights granted to copyright holders. In comparison with the constitutional rights afforded by the 14th Amendment, the Court does not find any true divergence, but, rather, finds the Congress has created a narrow sub-group of specialized property holders with special property rights which are guarded with more vigilance than other forms of property rights. *See Fitzgerald,* 129 S.Ct. at 794 (stating that, where the rights and protections of a statute and the constitution diverge significantly, it indicates a lack of congressional intent to preempt a § 1983 claim). Thus, the Court finds in a comparison of respective rights and remedies no evidence of a lack of congressional intent to preempt § 1983 claims.

Thus, having found no indication of a lack of congressional intent to preempt § 1983 claims through the enactment of the Copyright Act, the Court shall now turn to its primary focus—the remedial scheme created by the Act in order to determine whether congressional intent is exhibited through this medium. As a preliminary matter, the Court notes that the Copyright Act explicitly provides for the existence of a private judicial remedy through which copyright holders, either legal or beneficial, may institute actions for infringement of their rights. 17 U.S.C. § 501(b). Although the existence of this private judicial remedy is not conclusive evidence of congressional intent to preempt § 1983 claims, it does weigh heavily in favor of finding the requisite intent. *See Rancho Palos Verdes v.*

*Abrams,* 544 U.S. 113, 120, 125 S.Ct. 1453, 161 L.Ed.2d 316 (2005).

Additionally, under the plain language of the Copyright Act, registration is a jurisdictional prerequisite to bringing a suit for copyright infringement. 17 U.S.C. § 411; *see also* H.R.REP. No. 94–1476, at 157 (1976). Therefore, as a suit for violation of due process rights under § 1983 has no such registration requirement, allowing a plaintiff who has not registered to proceed with a § 1983 claim for actions constituting copyright infringement would nullify the registration requirement in cases where the state is a defendant.[4] Such a circumvention of the registration requirement would thus result in an enlargement of the group protected by the very Copyright Act which specifies the rights granted to copyright holders. This weighs heavily towards a finding that Congress intended for the Act to preempt § 1983 claims. *See Dodd v. Ft. Smith Special School Dist.,* 666 F.Supp. 1278 (W.D.Ark.1987).

Additionally, the Copyright Act provides a comprehensive and detailed damages scheme which limits a prevailing plaintiff in a copyright infringement case to either recovering actual damages or statutory damages, along with damages which the Court may impose at its discretion where an infringement is committed willfully. 17 U.S.C. § 404. In contrast, a § 1983 plaintiff may recover punitive damages where the "defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Cabral v. U.S. Dept. of Justice,* 587 F.3d 13, 24 (1st Cir.2009). Thus, a plaintiff who sues under § 1983 to enforce his property rights pertaining to an item of intellectual

---

4. Although Plaintiffs in the instant case copyrighted the Proposal, and, thus properly registered their work, as the question is whether the Copyright Act preempts all § 1983 claims, the Court feels that the possibility of bypassing the registration requirement is still extremely relevant to its present inquiry.

property subject to copyright would be entitled to punitive damages unavailable under the Copyright Act. Therefore, not only could potential plaintiffs circumvent the registration requirement of the Copyright Act by filing their claims against state parties under § 1983, but they could also receive punitive damages which are not available to them under the Act. In these two factors, the Court finds strong indications that further persuade the Court that Congress intended for the Copyright Act to provide the "exclusive avenue through which a plaintiff may assert" his or her claim. *See e.g. Fitzgerald,* 129 S.Ct. at 792. Thus, the Court finds that, when Congress enacted the Copyright Act, it intended for the Act to preempt § 1983 claims based upon the same actions underlying the Copyright Act claim. Accordingly, Defendants' motion to dismiss Plaintiffs' § 1983 claims (Docket No. 186) is **GRANTED** and those claims are **DISMISSED WITH PREJUDICE.**

## IV. CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** Defendant Carlos H. Del Rio's motion to dismiss (Docket No. 184) and **DISMISSES WITH PREJUDICE** claims for monetary damages against this Defendant, and **DISMISSES WITHOUT PREJUDICE** claims brought against him in his personal capacity. The Court further **GRANTS** Defendants' motion to dismiss § 1983 claims (Docket No. 186) as they are preempted by the Copyright Act. Thus, all Plaintiffs' § 1983 claims are hereby **DISMISSED WITH PREJUDICE.**[5] Finally, the Court **DENIES** PRCHE Defendants' motion to dismiss under Rule 12(b)(5) (Docket No. 185). However, service of these Defendants is

QUASHED and Plaintiffs are granted **THIRTY (30) DAYS** to properly serve these Defendants.

**IT IS SO ORDERED.**

---

5. As this Circuit looks upon piecemeal judgments with extreme disfavor, the Court may not enter partial judgment as to Plaintiff's § 1983 claims at this time. *See Nichols v. Cadle Co.,* 101 F.3d 1448, 1449 (1st Cir.1996).