# United States Court of Appeals

## For the First Circuit

No. 06-2581

VERONICA LEE-BARNES,

Plaintiff, Appellant,

v.

PUERTO VEN QUARRY CORPORATION,

Defendant, Appellee,

KCIRE CORP.; ERICK RODRÍGUEZ-TORO;
MARISOL RODRÍGUEZ-CENTENO; CONJUGAL PARTNERSHIP
RODRÍGUEZ-RODRÍGUEZ; ATLANTE CORP.; KCIRE INVESTMENT AND
DEVELOPMENT CORP.; ONITRAM BUILDERS CORP.;
ENVIRONMENTAL POWER OF PUERTO RICO, INC.,

Defendants,

NOREEN WISCOVITCH RENTAS,

Trustee,

NEWPORT BONDING,

Movant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Gustavo A. Gelpí, U.S. District Judge]

Before

Torruella, <u>Circuit Judge</u>,
Baldock[*], <u>Senior Circuit Judge</u>,
and Lipez, <u>Circuit Judge</u>.

---

<u>Humberto Guzmán-Rodríguez</u>, with whom <u>Nelson N.Córdova-Morales</u> and <u>Guzmán Rodríguez Law Office</u> were on brief for appellant.
<u>Luis A. Oliver</u>, with whom <u>José Luis Ramírez-Coll</u> and <u>Fiddler González & Rodríguez PSC</u> were on brief for appellee Newport Bonding.

---

January 9, 2008

---

---

[*] Of the Tenth Circuit Court of Appeals, sitting by designation.

**BALDOCK**, **Senior Circuit Judge**.  This interlocutory appeal comes before us via Fed. R. Civ. P. 54(b) certification.  In the underlying diversity action, movant-appellee Newport Bonding (appellee Newport) issued a prejudgment surety bond on behalf of defendant Puerto Ven Quarry (defendant PVQ).  After defendant PVQ declared bankruptcy, the district court issued an order declaring the prejudgment bond null.  Plaintiff-appellant Veronica Lee-Barnes (appellant Lee-Barnes) sought immediate appeal, and the district court certified its ruling pursuant to Fed. R. Civ. P. 54(b).  We hold that, in so doing, the district court abused its discretion and, accordingly, vacate its Rule 54(b) certification.  Further, because we conclude that the collateral-order doctrine is inapplicable, we dismiss the instant appeal for want of appellate jurisdiction.

## I.

We recount only those underlying and procedural facts material to resolving the instant appeal (i.e., those facts related to appellate jurisdiction).  Appellant Lee-Barnes sued to recover monies she invested with defendants after several business ventures failed.  See 28 U.S.C. § 1332.  Concerned that defendants might not be able to satisfy a future judgment entered in her favor, appellant Lee-Barnes

sought prejudgment attachment of defendants' property.[1]  To avoid attachment, defendants proposed, and appellant Lee-Barnes agreed, that defendant PVQ would obtain a $200,000 surety bond.  Accordingly, defendant PVQ posted a bond issued by appellee Newport, which the district court eventually approved.

Subsequently, defendant PVQ filed for Chapter 11 bankruptcy and moved to stay appellant Lee-Barnes's lawsuit. The district court denied the motion, finding defendant PVQ entitled to an automatic stay, but not the eight other defendants.  Accordingly, the district court dismissed, without prejudice, all claims against defendant PVQ.  The district court also entered a partial judgment, in light of defendant PVQ's bankruptcy proceedings, which provided in relevant part:

This dismissal will not affect in any manner

---

[1]  Puerto Rico law provides for prejudgment attachment or, alternatively, the posting of a surety bond.  See P.R. Laws Ann. tit. 32(A), App. III, Rules 56.1, 56.3.  The Federal Rules of Civil Procedure, in turn, provide that:

At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought . . . .

Fed. R. Civ. P. 64.

> Plaintiff's pending claims against [defendant PVQ]. Upon the conclusion of the bankruptcy proceedings, Plaintiff may file a petition to reinstate the proceedings in this case. Plaintiff's petition for reinstatement shall not be deemed a new filing. Rather, [her] petition will be effective nunc pro tunc to the date of the original filing. Partial Judgment is hereby entered accordingly.

Lee-Barnes v. Puerto Ven Quarry Corp., No. 03-2358(SEC), (D.P.R. filed Dec. 23, 2003) (Doc. 72: Partial J.).

Defendant PVQ later converted its Chapter 11 bankruptcy to a Chapter 7 bankruptcy. The Chapter 7 Trustee (Trustee) moved the district court to compel appellee Newport to respond to several issues related to the bond, as it related to defendant PVQ's bankruptcy estate. In its court-ordered response, appellee Newport asserted that the dismissal of appellant Lee-Barnes's claims against defendant PVQ voided the prejudgment bond (i.e., after the principal obligation that the bond secured ceased to exist, the bond — which appellee Newport deems an accessory obligation — likewise was invalid).

The district court agreed and entered an opinion and order declaring the bond null. On appellant Lee-Barnes's motion, the district court later entered an order and partial judgment certifying the earlier opinion and order as immediately appealable under Fed. R. Civ. P. 54(b). Appellant Lee-Barnes appeals, contending that the district court's ruling constituted reversible error because,

regardless of defendant PVQ's bankruptcy and dismissal without prejudice from the case, the bond — which she contends is a joint and several obligation — remained valid and enforceable.

## II.

"Because federal courts are powerless to act in the absence of subject matter jurisdiction, we have an unflagging obligation to notice jurisdictional defects" and to verify that appellate jurisdiction lies before addressing the merits of any appeal. See Espinal-Dominguez v. Puerto Rico, 352 F.3d 490, 495 (1st Cir. 2003). Here, appellant Lee-Barnes asserts that appellate jurisdiction exists pursuant to: (1) the district court's Rule 54(b) certification; and (2) in any event, the collateral-order doctrine. We disagree. See ITV Direct, Inc. v. Healthy Solutions, L.L.C., 445 F.3d 66, 72 (1st Cir. 2006) ("[W]e review decisions to grant or deny 54(b) certifications under an abuse of discretion standard."); Rhode Island v. U.S. Envtl. Prot. Agency, 378 F.3d 19, 28 (1st Cir. 2004) (collateral-order doctrine only applies to district court orders that meet the doctrine's stringent requirements).

## A.

This Court employs a "two part process for evaluating the appropriateness of certification under Rule 54(b)."

State Street Bank & Trust Co. v. Brockrim, Inc., 87 F.3d 1487, 1489 (1st Cir. 1996). "First, we determine whether the district court action underlying the judgment had the 'requisite aspects of finality.'" Id. (quoting Darr v. Muratore, 8 F.3d 854, 862 (1st Cir. 1993)). Rule 54(b) finality requires that a judgment "dispose of all the rights and liabilities of at least one party as to at least one claim." Id. (emphasis added). This determination is "governed by 28 U.S.C. § 1291." Id. "A final decision under § 1291 is one that 'ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.'" Id. at 1490 (quoting Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 867 (1994)). We review the first part of the Rule 54(b) analysis de novo. Id. at 1489.

Here, appellee Newport is not a party to the underlying action within the meaning of Rule 54(b). See id. at 1490 n.1. Appellee Newport never formally intervened in the proceeding. Indeed, in asking the district court to declare the bond null, appellee Newport maintained it was simply making a "special appearance." In so doing, appellee Newport submitted that it was neither "submitting itself to the [district court's] jurisdiction" nor "waiving any of its legal defenses." See Lee-Barnes, No. 03-2358 SEC/GAG (Doc.

132: Mot. in Compliance with Order). Appellee Newport's subsequent involvement in the underlying proceeding was strictly limited to the viability of the bond it issued on defendant PVQ's behalf.

Nor did the district court's order dispose of a <u>claim</u> in the Rule 54(b) sense. Rule 54(b) expressly limits certification under its provision to, <u>inter alia</u>, instances in which "more than one <u>claim for relief</u> is presented in an action." <u>See</u> Fed. R. Civ. P. 54(b) (emphasis added). Rather than resolving a cause of action set forth in a pleading, the district court's order exclusively pertained to the validity of the bond. Because the district court's order fails to meet either Rule 54(b)'s "party" or "claim" requirement, our analysis need not go further. Put simply, the Rule 54(b) certification issued in this case constituted an abuse of discretion.[2] <u>See</u> <u>State Street Bank & Trust,</u>

---

[2] Because the district court's order does not espouse the requisite "aspects of finality," "we need not proceed to the second step of jurisdictional analysis under Rule 54(b)." <u>See</u> <u>id.</u> at 1490. We note, however, that the district court's order fails to satisfy those strictures as well.

At step two of the Rule 54(b) analysis, "we review the sufficiency of the district court's assessments of 1) any interrelationship or overlap among the various legal and factual issues involved and 2) any equities and efficiencies implicated by the requested piecemeal review." <u>Id.</u> Appellant Lee-Barnes has not demonstrated that she will incur any material harm if interlocutory review is denied.

(continued...)

<u>Co.</u>, 445 F.3d at 1489 ("The [d]istrict [c]ourt <u>cannot</u>, in the exercise of its discretion, treat as 'final' that which is not 'final' within the meaning of 28 U.S.C. § 1291.").

B.

Whether the instant appeal falls within the collateral-order doctrine presents a closer question. "Generally speaking, appeals are permitted only from final judgments of the district court." <u>Asociación de Subscripción Conjunta del Seguro de Responsibilidad Obligatorio</u> v. <u>Flores Galarza</u>, 484 F.3d 1, 13 (1st Cir. 2007) (citing 28 U.S.C. § 1291). As the Supreme Court recently explained, however, our 28 U.S.C. § 1291 authority extends "appellate jurisdiction over a narrow class of decisions" that – although they do not end the underlying proceeding – fall within the collateral-order doctrine. <u>Will</u> v. <u>Hallock</u>, 546 U.S. 345, 347 (2006).

"The collateral order doctrine, identified with <u>Cohen</u> [v. <u>Beneficial Indus. Loan Corp.</u>, 337 U.S. 541 (1949)] . . . is best understood not as an exception to the 'final decision' rule laid down by Congress in § 1291, but as a

[2](...continued)
To the contrary, we can assess the district court's order nullifying the bond equally well <u>if</u> and <u>when</u> final judgment is entered in appellant Lee-Barnes's favor. <u>See</u> <u>Spiegel</u> v. <u>Trs. of Tufts College</u>, 843 F.2d 38, 45 (1st Cir. 1988) (noting that the possibility that the need for an appeal might become moot is considered "a major negative in the Rule 54(b) equation").

practical construction of it." Will, 546 U.S. at 349. For the collateral-order doctrine to apply, a district court order must: "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment."[3] Id. These conjunctive "conditions are stringent . . . and unless they are kept so, the underlying doctrine will overpower the substantial finality interests § 1291 is meant to further . . . ." Id.; see also Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 276 (1988) ("If the order at issue fails to satisfy any one of [Cohen's] requirements, it is not appealable under the collateral-order [doctrine]."). Notably, "[t]he doctrine is applied narrowly and interpreted strictly." United States v. Quintana-Aguayo, 235 F.3d 682, 684 (1st Cir. 2000). As the Supreme Court recently stated in Will v. Hallock:

> [W]e have not mentioned applying the collateral order doctrine recently without emphasizing its modest scope. And we have meant what we have said; although the Court has been asked many times to expand the 'small class' of collaterally appealable orders, we have instead kept it narrow and

---

[3] Compare Will, 546 U.S. at 349 (delineating three requirements an order must meet to fall within Cohen), with Espinal-Dominguez, 352 F.3d at 497 (adding, as a fourth requirement, that the order involve an "important and unsettled question of controlling law, not merely a question of the proper exercise of the trial court's discretion").

-10-

selective in its membership.

*Will*, 546 U.S. at 349 (emphasis added).

Turning to the doctrine's "important issue" requirement, "[t]he Supreme Court has explained that 'important' in the *Cohen* collateral order doctrine sense means 'being weightier than the societal interests advanced by the ordinary operation of final judgment principles.'" *Gill* v. *Gulfstream Park Racing Assoc., Inc.*, 399 F.3d 391, 399 (1st Cir. 2005) (quoting *Digital Equip. Corp.*, 511 U.S. at 879); *see also* *Lauro Lines s.r.l.* v. *Chasser*, 490 U.S. 495, 502 (1989) (Scalia, J., concurring) ("The importance of the right asserted has always been a significant part of our collateral order doctrine."). In the instant matter, the issue on appeal — *i.e.*, whether the district court erred in deeming the surety bond void — simply does not "rise to the level of importance needed for recognition under [the collateral-order doctrine]." *See* *Digital Equip. Corp.*, 511 U.S. at 878.

The issue presented in this case is highly unlikely to affect, or even be consequential to, anyone aside from the parties. This makes our situation readily distinguishable from *Cohen*. Unlike the ruling at bar, the *Cohen* district court order — which the Supreme Court held to be immediately

-11-

appealable — refused to apply a newly enacted state statute, which entitled any defendant corporation, in certain shareholder derivative actions, to require complainant shareholders to post security. See Cohen, 337 U.S. at 545-46 & n.1. Nor can the issue presented for immediate appeal here be considered "weightier than the societal interests advanced by the ordinary operation of final judgment principles." See Digital Equip. Corp., 511 U.S. at 879.

As to the collateral-order doctrine's third requirement, the First Circuit equates this factor – "perhaps the [doctrine's] most elemental" – with "urgency" or "irreparable harm." Espinal-Dominguez, 352 F.3d at 496-97. Here, appellant Lee-Barnes has not made the requisite "showing of irreparable harm" (i.e., that "the postponement of appellate review" will effectively render the issue unreviewable). Rhode Island, 378 F.3d at 28.

Obtaining a final judgment against defendant PVQ is a prerequisite to appellant Lee-Barnes collecting on the bond. In other words, even if we reversed the district court's order declaring the bond null at this juncture, appellant Lee-Barnes could not collect on the bond until entry of final judgment, regardless of defendant PVQ's bankruptcy status. Hence, if appellant Lee-Barnes prevails in the underlying proceeding she will "have ample opportunity to

test the propriety" of the district court's ruling declaring the bond null.  See Espinal-Dominguez, 352 F.3d at 497. Thus, because appellant Lee-Barnes's interest is "fully vindicable on appeal from final judgment," it does not meet the "urgency" requirement proscribed by the collateral-order doctrine.  Cf. Swift & Co. Packers v. Compania Colombiana del Caribe, S.A., 339 U.S. 684, 688-89 (1950) (order vacating attachment on foreign vessel in admiralty proceeding was immediately appealable because it could not be effectively reviewed after entry of final judgement).

Hence, the district court's order does not comport with either the collateral-order doctrine's second or third requirements.  The district court's order, quite simply: (1) does not present a sufficiently important issue to warrant immediate review; and (2) is "effectively reviewable on appeal from final judgment."  As such, the collateral-order doctrine does not apply.  See Van Cauweberghe v. Biard, 486 U.S. 517, 524 (1988); Gulfstream Aerospace Corp., 485 U.S. at 276; see generally Quintana-Aguayo, 235 F.3d at 684 (collateral-order doctrine only permits immediate appeal "in limited circumstances when the important goal of the final judgment rule – the effective, efficient administration of justice – is not undermined or is counterbalanced by other weighty goals").  Lacking any basis

-13-

for appellate jurisdiction, we must dismiss the instant interlocutory appeal.

## III.

For the foregoing reasons, we <u>vacate</u> the district court's underlying Rule 54(b) certification and <u>dismiss</u> the instant appeal for want of appellate jurisdiction.