**In re Wanda FUENTES, Debtor.**

**Debora A. Casey, Chapter 7 Trustee, Plaintiff–Appellee,**

v.

**American Home Mortgage Servicing, Inc., Defendant–Appellant.**

**BAP No. MB 09–007.**
**Bankruptcy No. 07–17430–WCH.**
**Adversary No. 08–01170–WCH.**

United States Bankruptcy Appellate Panel for the First Circuit.

Oct. 29, 2009.

Dudley C. Goar, Esq., on brief for Defendant–Appellant.

Jenny L. Redden, Esq., on brief for Plaintiff–Appellee.

Before HAINES, LAMOUTTE, and VAUGHN, United States Bankruptcy Appellate Panel Judges.

HAINES, Bankruptcy Appellate Panel Judge.

American Home Mortgage Servicing, Inc. ("AHMSI"), one of several defendants in this adversary proceeding, appeals the bankruptcy court's entry of a separate, supposedly final, judgment against its co-defendants, Wanda Fuentes and Carmen Torres. The bankruptcy court certified the partial judgment as final pursuant to Fed.R.Civ.P. 54(b), made applicable to bankruptcy proceedings pursuant to Fed. R. Bankr.P. 7054(a).[1] We conclude that the bankruptcy court's certification of finality was improper and, therefore, ineffective. As a consequence, the judgment is unappealable. Thus, we **DISMISS** this appeal for lack of jurisdiction.

### BACKGROUND

Wanda Fuentes and her mother, Carmen Torres, jointly owned real property in South Dennis, Massachusetts. Before Fuentes' bankruptcy filing, Torres (but not Fuentes) granted American Home Mortgage[2] a mortgage in the amount of $230,000 on the property; and (2) Fuentes transferred her one-half interest in the property to Torres individually for a stated consideration of $1.00. Torres eventually defaulted and American Home Mortgage commenced foreclosure proceedings.

Fuentes filed a chapter 7 petition in November 2007. Debora A. Casey was appointed trustee. She commenced an adversary proceeding against Torres, Fuentes, and AHMSI[3] seeking to avoid the allegedly fraudulent transfer of Fuentes' interest in the property to Torres, and denial of Fuentes' discharge pursuant to § 727(a). AHMSI pressed ahead, foreclosed its mortgage, and ultimately conveyed the property to itself via foreclosure sale.

Casey amended her complaint, adding counts against AHMSI for violating the automatic stay, and seeking a declaration that the foreclosure sale was void. She also sought a declaration that AHMSI's mortgage only encumbered the one-half interest in the property Torres held when she granted the mortgage.

Fuentes and Torres failed to answer, and were defaulted. Casey moved pursuant to Rule 54(b), for entry of separate, final judgment (with related factual findings) against Torres and Fuentes. AHMSI objected, arguing that a separate judgment was premature and that the proposed findings would prejudice its defense.

The bankruptcy court entered the judgment, adopting the proposed findings,

---

1. Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. No. 109–8, 119 Stat. 23, 11 U.S.C. § 101, *et seq.* All references to "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure. All references to "Rule" shall be to the Federal Rules of Civil Procedure.

2. AHMSI, the appellant in this case, is a separate entity from American Home Mortgage, the originating mortgagee. The mortgage was subsequently assigned to AHMSI by Mortgage Electronic Registration Systems, Inc., as nominee for American Home Mortgage, in November 2007.

3. Casey's original complaint named American Home Mortgage, but not AHMSI as a defendant. Casey added AHMSI as a defendant in her First Amended Complaint.

without hearing. The judgment recited, without explanation, that there was "no just reason for delay" entry of final judgment against Torres and Fuentes pursuant to Rule 54(b). The bankruptcy court refused to reconsider its decision. This appeal ensued.[4]

## STANDARD OF REVIEW

■■■ Appellate courts reviewing an appeal from the bankruptcy court generally apply the "clearly erroneous" standard to findings of fact and *de novo* review to conclusions of law. *See TI Fed. Credit Union v. DelBonis,* 72 F.3d 921, 928 (1st Cir.1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.),* 43 F.3d 714, 719–20 n. 8 (1st Cir. 1994). Generally, appellate courts review orders issued by the trial court pursuant to Rule 54(b) for abuse of discretion. *See Darr v. Muratore,* 8 F.3d 854, 862 (1st Cir.1993).[5]

## DISCUSSION

■■■ To resolve this appeal, we need look no further than the asserted basis for appellate jurisdiction. Ordinarily, a judgment is final (and, thus, appealable) only if it conclusively determines all claims of all parties to an action. *See generally Catlin v. United States,* 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945). Rule 54(b) sets forth one exception to the so-called "final judgment rule." It provides:

When an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed.R.Civ.P. 54(b).

■■■ The First Circuit strongly disfavors entry of final, partial judgments and has repeatedly stated that Rule 54(b) should be used sparingly. *See Nichols v. Cadle Co.,* 101 F.3d 1448, 1449 (1st Cir. 1996) ("Piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly.").

In its critical role as a Rule 54(b) "dispatcher" ... the [trial] court is to consider the *strong judicial policy disfavoring piecemeal appellate review* ... by carefully comparing the dismissed and the unadjudicated claims for indications of substantial overlap-to ensure that the appellate court is not confronted in successive appeals with common issues of law or fact to the detriment of judicial efficiency.

*Kersey v. Dennison Mfg. Co.,* 3 F.3d 482, 487 (1st Cir.1993) (citations omitted) (emphasis added).

■■■ Reviewing the propriety of entry of a partial final judgment under Rule 54(b) entails a two-step inquiry. *See Lee–Barnes v. Puerto Ven Quarry Corp.,* 513 F.3d 20 (1st Cir.2008); *State Street Bank & Trust Co. v. Brockrim, Inc.,* 87 F.3d 1487, 1489 (1st Cir.1996). First, the Panel

---

4. AHMSI also filed a motion for leave to appeal, which the Panel denied as moot, determining that the Panel had jurisdiction to consider the appeal due to the Rule 54(b) certification.

5. Judicial discretion is necessarily broad—but it is not absolute. Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them. *Indep. Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg. Co.,* 864 F.2d 927, 929 (1st Cir.1988); *see also Coon v. Grenier,* 867 F.2d 73, 75 (1st Cir.1989).

must determine whether the district court properly determined that the judgment had the "requisite aspects of finality." *See State Street,* 87 F.3d at 1489 (citing *Darr v. Muratore,* 8 F.3d 854, 862 (1st Cir.1993); *Spiegel v. Trustees of Tufts College,* 843 F.2d 38, 43 (1st Cir.1988)). This requires that the order in question disposed of all the rights and liabilities of at least one party as to at least one claim. *Credit Francais Int'l, S.A. v. Bio–Vita, Ltd.,* 78 F.3d 698, 706 (1st Cir.1996); *see also State Street,* 87 F.3d at 1490; *Spiegel,* 843 F.2d at 43 (court must be sure "that the ruling, at a bare minimum, disposes fully of at least a single substantive claim").

▪ Second, we must then scrutinize the lower court's determination that there is "no just reason for delay." *See Spiegel,* 843 F.2d at 43. In making this "case-specific" inquiry, the Panel must "trac[e] the interrelationship between, on one hand, the legal and factual basis of the claims undergirding the proposed judgment *(i.e.* the jettisoned claims), and on the other hand, the legal and factual basis of the claims remaining in the case." *Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 580 (1st Cir.1994). We consider "the sufficiency of the trial court's assessments of (1) any interrelationship or overlap among the various legal and factual issues involved and (2) any equities and efficiencies implicated by the requested piecemeal review." *State Street,* 87 F.3d at 1489 (citing *Credit Francais,* 78 F.3d at 706; *Kersey,* 3 F.3d at 486; *Spiegel,* 843 F.2d at 43).

▪ If, as a result of applying the foregoing test, the trial court concluded that judgment should issue under Rule 54(b), "it should ordinarily make specific findings setting forth the reasons for its order." *Spiegel,* 843 F.2d at 43 & n. 4; *see also Quinn v. City of Boston,* 325 F.3d 18, 26 (1st Cir.2003) ("The law is firmly established in this circuit that a rote recital of Rule 54(b)'s talismanic phrase is not enough, in and of itself, to trump the wonted application of the final judgment rule."). The requirement that the trial court expressly enumerate the bases for its conclusion "serves a twofold purpose: it helps the [ ] judge to sort out and weigh the competing considerations in his own mind, and it permits the appellate court effectively to review the ruling." *Spiegel,* 843 F.2d at 42–43. If the court specifies the basis for its decision to certify, its discretion will be afforded "substantial deference." *See Consolidated Rail Corp. v. Fore River Railway Co.,* 861 F.2d 322, 325–26 (1st Cir.1988); *Spiegel,* 843 F.2d at 44.

▪ Here, the bankruptcy court recited the "no just reason" incantation without elucidation. The court offered no explanation for its determination that a judgment should enter while a substantial part of the case remained unadjudicated and did not address AHMSI's concern that the findings associated with the partial, final judgment would prejudice its defense of the counts against it. The record before us provides no apparent reason why partial, final judgment should have issued.[6] To

---

**6.** We acknowledge that there are some cases in which an appellate court has upheld a Rule 54(b) certification despite the lower court's failure to explain the reasoning underlying its decision. *See, e.g., Mercado v. Ritz–Carlton San Juan Hotel, Spa & Casino,* 410 F.3d 41, 46 (1st Cir.2005); *Quinn,* 325 F.3d at 26. In *Mercado,* the court of appeals remarked that

although the district court did not explain its Rule 54(b) decision, it was "sufficiently apparent why it acted as it did." *Mercado,* 410 F.3d at 46. The court went on to note that it does not "condone the lack of explicit findings and the reasoning underlying the court's certification," but concluded that this was a case "in which the circumstances plainly sup-

the contrary, it appears that the claims certified as final are inextricably intertwined with the unresolved claims that continue to pend below.[7] Finally, the record reflects no special circumstances or overriding equities that might tip the scale in favor of permitting an immediate appeal.[8]

This ends the matter. Because the bankruptcy court improperly certified the judgment as final under Rule 54(b), we lack jurisdiction to hear this appeal. *See Nichols,* 101 F.3d at 1449; *Consolidated Rail,* 861 F.2d at 326; *Spiegel,* 843 F.2d at 46.

## *CONCLUSION*

For the reasons set forth above, we **DISMISS** the appeal for lack of appellate jurisdiction.

port an appeal from the partial judgment." *Id.* at 46 n. 5. Similarly, the *Quinn* court upheld the Rule 54(b) certification despite the court's failure to explain its rationale, noting that there are "'infrequent instances' in which the record, on its face, makes it sufficiently apparent that the circumstances support an appeal from a partial judgment." *Quinn,* 325 F.3d at 26. This is not such a case.

7. In fact, at oral argument Casey's counsel made the rather astonishing assertion that she planned to claim preclusive effect for some of the findings accompanying the partial judgment when she resumed litigating the remaining claims against AHMSI.

8. *See Darr,* 8 F.3d at 854 (citing *Spiegel,* 843 F.2d at 43) (examining the trial judge's "assessment of the equities" regarding any justifiable reasons for delay and noting that "[t]his process is necessarily case-specific and requires an assessment of the entire litigation and an analysis of factors which suggest reasons to relax the usual prohibition against piecemeal appellate review.").