**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 23-1400

ADRIANNA WADSWORTH,

Plaintiff, Appellee,

v.

CHUCK NGUYEN,

Defendant, Appellant,

MSAD 40/RSU 40, ANDREW CAVANAUGH, and MEDOMAK VALLEY HIGH
SCHOOL,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Montecalvo, Lynch, and Rikelman, Circuit Judges.

John J. Wall, III, with whom Monaghan Leahy, LLP, was on
brief, for appellant.
Eric R. LeBlanc, with whom Zachary H. Hammond and Bennett &
Belfort, P.C., were on brief, for appellee.

November 13, 2024

**PER CURIAM.** Defendant-appellant Chuck Nguyen appeals from the district court's denial of his motion for summary judgment as to plaintiff-appellee Adrianna Wadsworth's tort claims against him.[1] This case arises from Wadsworth's allegations of sexual harassment and sex discrimination against her then-high school principal, Andrew Cavanaugh. Relevant to this particular appeal are Wadsworth's allegations against Nguyen, a social worker at the school. In her complaint, Wadsworth alleges that Nguyen was aware of at least some of Cavanaugh's conduct and that Nguyen failed to adequately address the harassment. Specifically, she alleges equal protection and substantive due process claims, pursuant to 42 U.S.C. § 1983, as well as Maine state-law negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress claims. For the reasons that follow, we dismiss Nguyen's appeal.

## I. Background

A detailed rendition of the underlying facts is not necessary to our resolution of this interlocutory appeal. In brief, Wadsworth alleges in her complaint that, while she was a minor and student at Medomak Valley High School and over the course

---

[1] Wadsworth later cross-appealed the district court's grant of summary judgment, as well as its grant of a motion to dismiss, on various claims in favor of various defendants, including Chuck Nguyen, Case No. 23-1463 ("companion case"). These cases were briefed and argued together; however, the opinions in this appeal and the companion case will issue separately.

of many months, Cavanaugh subjected her to non-physical sexual harassment and discrimination. She reported some of Cavanaugh's behavior to Nguyen, asking if it was "normal," and Nguyen informed her that "there was nothing inappropriate" about Cavanaugh's behavior. She also claims that Nguyen was aware of some instances of Cavanaugh's harassment and discrimination. Finally, despite Nguyen's status as a mandatory reporter and despite his authority to implement corrective measures, Wadsworth claims Nguyen never took any steps to report Cavanaugh or protect Wadsworth from further mistreatment.

At issue here is a portion of the district court's decision denying Nguyen's motion for summary judgment. In his summary judgment motion, Nguyen argued, among other things, that the tort claims against him could not stand because (1) Wadsworth did not comply with the Maine Tort Claims Act's ("MTCA") notice requirements and (2) he was entitled to discretionary function immunity under the MTCA. The district court rejected these arguments and denied summary judgment with respect to the tort claims against Nguyen.[2] Nguyen timely appealed.

---

[2] The district court granted Nguyen summary judgment with respect to the § 1983 substantive due process claim (the district court had previously dismissed the equal protection claim at the motion to dismiss stage). Wadsworth's § 1983 claims are at issue in the companion case and not here.

## II. Analysis

We begin with the firmly settled principle that "[t]he burden of establishing jurisdiction rests with the party who asserts its existence." Godin v. Schencks, 629 F.3d 79, 83 (1st Cir. 2010) (quoting Campbell v. Gen. Dynamics Gov't Sys. Corp., 407 F.3d 546, 551 (1st Cir. 2005)). As we explain below, Nguyen has failed to satisfy this burden.

This case involves the final decision rule. "Generally speaking, appeals are permitted only from final judgments of the district court." Lee-Barnes v. Puerto Ven Quarry Corp., 513 F.3d 20, 25 (1st Cir. 2008) (quoting Asociación de Subscripción Conjunta del Seguro de Responsabilidad Obligatorio v. Flores Galarza, 484 F.3d 1, 13 (1st Cir. 2007)). The final decision rule for appellate jurisdiction provides, in relevant part: "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." 28 U.S.C. § 1291. "An order denying a motion for summary judgment is generally not a final decision within the meaning of § 1291 and is thus generally not immediately appealable." Plumhoff v. Rickard, 572 U.S. 765, 771 (2014).

In his briefing, Nguyen acknowledges that the district court's order denying summary judgment is not a final judgment and is thus not automatically appealable. He instead argues that, because of the nature of the legal questions at issue, his appeal

may proceed under an exception to the final judgment rule: the collateral-order doctrine. As we explain below, Nguyen's arguments fail for several reasons, and, consequently, he has failed to sustain his burden of establishing appellate jurisdiction. See Godin, 629 F.3d at 83.

Under federal law, "[f]or the collateral-order doctrine to apply, a district court order must: '[(1)] conclusively determine the disputed question, [(2)] resolve an important issue completely separate from the merits of the action, and [(3)] be effectively unreviewable on appeal from a final judgment.'" Lee-Barnes, 513 F.3d at 25 (quoting Will v. Hallock, 546 U.S. 345, 349 (2006)). This doctrine is to be "applied narrowly and interpreted strictly." Id. at 26 (quoting United States v. Quintana-Aguayo, 235 F.3d 682, 684 (1st Cir. 2000)). Maine has also adopted a final judgment rule and also provides an exception to the finality requirement under a similar, but not identical, collateral-order doctrine. See Bond v. Bond, 30 A.3d 816, 819-21 (Me. 2011).

In asserting that the collateral-order doctrine applies, Nguyen relies on Maine cases discussing Maine's collateral-order doctrine. However, these cases are not relevant to our analysis because, regardless of whether the underlying dispute is one of federal or state law, questions regarding the final decision rule in federal court are governed by federal law. See Budinich v.

- 5 -

Becton Dickenson & Co., 486 U.S. 196, 198-99 (1988) (explaining that determining whether district court order on merits of state-law claims was final for purposes of § 1291's final decision rule is governed by federal law). And, because the collateral-order doctrine falls within the ambit of the final decision rule, its applicability is similarly governed by federal law. See id.; Lee-Barnes, 513 F.3d at 25 ("The collateral[-]order doctrine . . . is best understood not as an exception to the 'final decision' rule laid down by Congress in § 1291, but as a practical construction of it." (quoting Will, 546 U.S. at 349)). Thus, to determine whether this appeal falls under an exception to the final decision rule, we look to federal law. As Nguyen only relies on cases discussing Maine's collateral-order doctrine, he has failed to explain how the federal collateral-order doctrine applies to his appeal.[3]

Nguyen does attempt to tether his argument to federal principles: he seeks to connect MTCA discretionary function immunity to qualified immunity, arguing that because, "[i]n an analogous context, the United States Supreme Court has held that

---

[3] Indeed, Nguyen has not even established that Maine's collateral-order doctrine would apply here. Nguyen cites various Maine Law Court decisions but provides little to no analysis before claiming that Maine case law supports application of the collateral-order doctrine. Neither his arguments nor the cited cases establish that Maine courts would find the exception applicable.

the general rule against appeals from non-final orders 'does not apply when the summary judgment motion is based on a claim of qualified immunity,'" this court may exercise jurisdiction here. (Quoting Plumhoff, 572 U.S. at 771.)  Without support, Nguyen then asserts that MTCA discretionary function immunity is equivalent to qualified immunity, meaning it is included in the federal collateral-order exception as laid out in Plumhoff.

We reject that argument.  First, aside from noting that both doctrines provide immunity from suit, Nguyen has not explained how the MTCA's discretionary function immunity doctrine is similar enough to the doctrine of qualified immunity such that case law on one doctrine should necessarily apply to the other.  Further, Plumhoff does not support the exercise of jurisdiction here.  As the Court in Plumhoff explained, a denial of a motion for summary judgment based on a claim of qualified immunity does not automatically fall under the collateral-order doctrine.  See 572 U.S. at 772-73.  Rather, a denial of summary judgment on qualified immunity grounds only falls under the collateral-order doctrine if it presents a pure question of law as opposed to a factual dispute. See id.; Brown v. Dickey, 117 F.4th 1, 6 (1st Cir. 2024) ("[N]ot all orders denying summary judgment premised on qualified immunity are immediately appealable.  Only '[p]urely legal rulings' implicating qualified immunity receive expedited appellate consideration.  Thus, a challenge to a district court's ruling

that the facts, taken in the light most favorable to the plaintiff, demonstrate a violation of clearly established law may be considered on interlocutory appeal. When, however, the court's order denying qualified immunity is based only on 'an issue of fact or an issue perceived by the trial court to be an issue of fact,' we do not have appellate jurisdiction." (first alteration added) (quoting Morse v. Cloutier, 869 F.3d 16, 22 (1st Cir. 2017))). Further, Nguyen has not explained how Plumhoff's pure-legal-question requirement is met. Indeed, the district court explained that its decision on discretionary function immunity was based on "remain[ing] disputed issues of material fact" that could allow a jury to find that Nguyen was not acting within the scope of his professional judgment. Therefore, Nguyen cannot sustain his burden to establish interlocutory appellate jurisdiction over this case because the district court's denial of summary judgment relied on issues of fact.[4] See Brown, 117 F.4th at 6.

### III. Conclusion

For these reasons, Nguyen has failed to establish that this Court has jurisdiction over his appeal, and, accordingly, the appeal is **dismissed**.

---

[4] Even if we were to accept Nguyen's argument regarding discretionary function immunity, he has failed to explain how this reasoning could extend to his claim regarding the district court's decision on the separate MTCA notice issue.